THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CHRISTINA M. and A.M.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE and UNITED BEHAVIORAL HEALTH,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [76] PLAINTIFFS' MOTION TO ALTER OR AMEND THE COURT'S JUDGMENT AND DENYING [77] PLAINTIFFS' MOTION TO REQUEST IN-PERSON HEARING**<br><br>Case No. 1:22-cv-00136<br><br>District Judge David Barlow |

On September 23, 2024, the court issued its decision on the parties' cross motions for summary judgment, granting Defendants United Healthcare and United Behavioral Health's (together "United") motion.[1] Plaintiffs Christina M. and A.M. (together "Plaintiffs") moved to alter or amend the judgment (the "Motion") on October 24, 2024,[2] and requested a hearing on the Motion.[3] United opposes both motions.[4] Plaintiffs filed their replies in support of both motions on December 20, 2024.[5] Having reviewed the briefing, the challenged decision, and the relevant law, the court denies Plaintiffs' motions.

---

[1] Memorandum Decision and Order Granting Defendants' Motion for Summary Judgment and Denying Plaintiffs' Motion for Summary Judgment ("Order"), ECF No. 72, filed Sep. 23, 2024.
[2] Rule 59(e) Motion to Alter or Amend the Court's Judgment ("Mot. to Alter"), ECF No. 76, filed Oct. 24, 2024.
[3] Plaintiffs' Motion to Request In-Person Hearing ("Mot. for Hearing"), ECF No. 77, filed Oct. 24, 2024.
[4] United Defendants' Opposition to Plaintiffs' Rule 59(e) Motion to Alter or Amend the Court's Judgment ("Opp."), ECF No. 78, filed Nov. 7, 2024; United Defendants' Response to Plaintiffs' Request for In-Person Oral Argument on Their Rule 59(e) Motion ("Response"), ECF No. 79, filed Nov. 7, 2024.
[5] Reply in Support of Rule 59(e) Motion to Alter or Amend the Court's Judgment ("Reply re Alter"), ECF No. 85, filed Dec. 20, 2024; Reply in Support of Motion to Request In-Person Hearing ("Reply re Hearing"), ECF No. 86, filed Dec. 20, 2024.

1

## STANDARD

"Rule 59(e) allows a court to reconsider the substantive correctness of its prior judgment."[6] "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law."[7] "Specific grounds include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'"[8]

"[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments."[9] District courts should not grant a Rule 59(e) motion "to revisit issues already addressed or advance arguments that could have been raised earlier"[10] or "to relitigate old matters."[11] "Courts routinely deny Rule 59(e) motions in which the movant rehashes old arguments, attempts to re-argue an issue more persuasively that the court has already addressed, or where a movant tries to take the proverbial second bite at the apple."[12] "Moreover, a Rule 59(e) motion that is premised on a putative error in the court's previous rulings should be denied if correction of the error would not affect the outcome of the case."[13]

---

[6] *Valentine v. Auto-Owners Ins.*, No. 2:22-CV-00815-RJS-CMR, 2024 WL 4068874, at *3 (D. Utah 2024) (citing *Nelson v. City of Albuquerque*, 921 F.3d 925, 928 (10th Cir. 2019)).
[7] *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)); *see also King v. IC Grp., Inc.*, No. 2:21-CV-00768-RJS-CMR, 2024 WL 3639366, at *2 (D. Utah Aug. 2, 2024), *reconsideration denied,* No. 2:21-CV-00768-RJS-CMR, 2024 WL 4654114 (D. Utah 2024) ("a motion to alter or amend is a type of motion for reconsideration.")
[8] *Id.* (quoting *Servants of Paraclete*, 204 F.3d at 1012).
[9] *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 356 (2006)).
[10] *Christy*, 739 F.3d at 539.
[11] *Nelson*, 921 F.3d at 929 (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008)).
[12] *BSJ Travel Inc. v. Ogden City Airport*, No. 1:22-CV-00156-DAK, 2024 WL 3860216, at *1 (D. Utah 2024) (quoting *Chidester v. Astrue*, No. 2:08-CV-00572-BCW, 2010 WL 1726893, at *1 (D. Utah 2010)).
[13] *Behav. Med. Consulting, LLC v. CHG Companies, Inc.*, No. 2:19-CV-00967 JNP, 2023 WL 2634568, at *2 (D. Utah 2023) (citing 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2810.1 (3d ed.)).

## DISCUSSION

Plaintiffs raise two arguments in their Motion. First, they argue that the court made a clear error based on its distinguishing *Alexander v. United Behavioral Health*.[14] Second, Plaintiffs argue that the court must remand the decision back to United "with the instruction of determining C.M.'s medical necessity according to the terms of the Plan."[15] United argues that the Motion should be denied because the court did not commit clear error and that the case should not be remanded to United.[16] Before turning to the Motion, the court considers Plaintiffs' request for an in-person hearing on the motion.

### I.   Request for Hearing

Under this court's rules, "a party may request oral argument on a motion and must show good cause."[17] Plaintiffs request an in-person hearing "so they can better elucidate their position regarding the Court's misapprehension of relevant facts and operative law."[18] Plaintiffs also argue that a hearing is necessary to facilitate "an open dialogue in discussing these complicated arguments."[19]

Plaintiffs have not demonstrated good cause for an oral argument. Plaintiffs request a hearing to better state their own position and to clarify the issues. Of course, clearly setting forth the issues and a party's position are things that can and should be done in briefing. In any event, there are no issues that are inadequately explained or argued in the parties' briefing. Finally, the

---

[14] No. 14-CV-02346-JCS, 2015 WL 1843830 (N.D. Cal. 2015).
[15] Mot. to Alter 8.
[16] Opp. 1. United also argues that the Motion is untimely. The court has determined that the motion was timely filed. See Docket Text Order, ECF No. 87, filed Jan. 8, 2025.
[17] DUCivR 7-1(g).
[18] Mot. for Hearing 1.
[19] Reply re Hearing 2.

3

additional argument that Plaintiff is herself an attorney and would like to personally attend a hearing on the motion does not show good cause.[20] Therefore, oral argument is unnecessary, and the court denies Plaintiffs' motion for an in-person hearing.

### II.     Clear Error

Plaintiffs argue that the court made a clear error in its distinguishing *Alexander v. United Behavioral Health*, an unpublished decision from the Northern District of California.[21] Plaintiffs state that a misinterpretation of *Alexander* will cause manifest injustice to them and "future plaintiffs whose plans contain similar language."[22] United responds that *Alexander* is not controlling law, therefore, there was no clear error.[23] United further argues that the court's consideration of *Alexander* was correct based on controlling Tenth Circuit decisions.[24]

"[A] final judgment must be 'dead wrong' to constitute clear error."[25] "Manifest injustice must entail more than just a clear and certain prejudice to the moving party. . . [It requires] a result that is fundamentally unfair in light of governing law."[26]

*Alexander* is a decision from the Northern District of California.[27] Binding precedent cannot come from another district court; therefore, the court did not misapprehend the *controlling* law.[28] Plaintiffs assert that "the Court made the *Alexander* case binding in the Tenth

---

[20] Reply re Hearing 2.
[21] Mot. to Alter 2.
[22] *Id*.
[23] Opp. 1.
[24] *Id.* at 7.
[25] *Lardner v. F.B.I.*, 875 F. Supp. 2d 49, 53 (D.D.C. 2012) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).
[26] *Cracraft v. Utah Valley Univ.*, No. 2:19-CV-397-TC, 2021 WL 872290, at *4 (D. Utah 2021), *aff'd*, No. 21-4031, 2021 WL 5500604 (10th Cir. 2021) (quoting *Slate v. Am. Broad. Companies, Inc.*, 12 F. Supp. 3d 30, 35 (D.D.C. 2013)).
[27] *Alexander v. United Behav. Health*, No. 14-CV-02346-JCS, 2015 WL 1843830 (N.D. Cal. 2015).
[28] *Valentine v. Auto-Owners Ins.*, 716 F. Supp. 3d 1164, 1175 (D. Utah 2024) (citing *Camreta v. Greene*, 563 U.S. 692, 709 n. 7 (2011)) ("A decision of a federal district court judge is not binding precedent in either a different

4

Circuit and the District of Utah by drawing the distinction between it and the facts of this case in its holding."[29] Not so. Just as *Alexander* does not bind any other court, this court's decision in this case does not bind courts in this or any other district.[30] Therefore, the court's discussion of *Alexander* was not clear error.

Moreover, the court's treatment of *Alexander* was not clearly erroneous. There, the court found the plaintiffs had stated a sufficient claim at the motion to dismiss phase.[31] Here, the court considered the plan terms under the appropriate summary judgment standard and found that the Level of Care Guidelines sufficiently were incorporated into the plan.[32] That another court reached a different decision under a different standard of review is not a source of error here, no matter how similar the facts are said to be.

Furthermore, the court's discussion of *Alexander* was not essential to the outcome of Plaintiffs' case. Indeed, the only reason *Alexander* was discussed at all was because Plaintiffs cited it in hopes that the court find it persuasive and reach the same result. But the court did

---

judicial district, the same judicial district, or even upon the same judge in a different case."); *see also King v. IC Grp., Inc.*, No. 2:21-CV-00768-RJS-CMR, 2024 WL 3639906, at *5 (D. Utah 2024) (court did not misapprehend the controlling law because "[o]ut-of-circuit decisions are not binding precedent on district courts in the Tenth Circuit.") (citing *F.D.I.C. v. Daily*, 973 F.2d 1525, 1532 (10th Cir. 1992)) ("The decisions of the Ninth Circuit are not binding on this circuit.")
[29] Reply 2.
[30] *Cincinnati Ins. Co. v. AMSCO Windows*, 921 F. Supp. 2d 1226, 1251 (D. Utah 2013), *supplemented*, No. 2:10-CV-00542-BSJ, 2013 WL 12141330 (D. Utah 2013), and *aff'd*, 593 F. App'x 802 (10th Cir. 2014) ("The doctrine of stare decisis does not compel one district court judge to follow the decision of another.") (emphasis omitted) (citing *Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991)).
[31] *Alexander v. United Behav. Health*, No. 14-CV-02346-JCS, 2015 WL 1843830, at *9 (N.D. Cal. 2015) ("UBH's challenge to Plaintiffs' denial of benefits claim (Count Two) is premised on its position that the LOCs and CDGs are plan terms and therefore, in order to state a claim Plaintiffs must allege that in denying benefits, UBH failed to adhere to these guidelines. As the Court has declined to adopt the underlying premise, at least at the pleading stage of the case, it also rejects UBH's argument that Plaintiffs' claim for improper denial of benefits fails to state a claim.")
[32] Order 14–15.

not.[33] Accordingly, Plaintiffs have failed to show that the court's consideration of *Alexander* constituted clear error, and their Motion must be denied.[34]

### III. Remand

Finally, Plaintiffs argue that the case should be remanded to United for review because its decision to deny coverage was arbitrary and capricious.[35] However, Plaintiffs "agreed a *de novo* standard of review" applies in their summary judgment briefing.[36] Plaintiffs cannot argue for a different standard of review once their arguments under the first standard have failed.[37] Plaintiffs' argument also depends on the contention that the Optum Level of Care Guidelines should have not have been considered at all, which the court has rejected for the reasons previously stated. Therefore, Plaintiffs' request that the case be remanded to United is denied.

### ORDER

Accordingly, Plaintiffs' motions are DENIED.[38]

Signed January 27, 2025.

BY THE COURT

_____
David Barlow
United States District Judge

---

[33] Indeed, Plaintiffs themselves did not cite this case until their reply, having not even referenced, much less discussed, this out-of-circuit case in their Motion for Summary Judgment (ECF 34) or their Opposition to Defendant's Motion for Summary Judgment (ECF 50).
[34] *See McMillan v. AT&T Umbrella Benefit Plan No. 1*, 746 F. App'x 697, 708 (10th Cir. 2018) (movant "restates the facts and argues for a different outcome. That is not enough to establish that the district court abused its discretion").
[35] Mot. 7.
[36] Reply in Support of Plaintiffs' Motion for Summary Judgment 4, ECF No. 69, filed Mar. 15, 2024.
[37] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (A motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.")
[38] ECF 76; ECF 77.